UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE TRINIDAD, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-0193 |
| | : |
| COURT OF COMMON PLEAS OF | : (Judge Kosik) |
| YORK COUNTY, et al., | : |
| | : |
| Respondents | |

**M E M O R A N D U M**

**I.    Introduction**

Jose Trinidad, an inmate currently confined at the State Correctional Institution at Camp Hill (SCI-Camp Hill), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the required filing fee.  In the petition, it is clear that Petitioner is challenging his September 7, 2004 conviction for Delivery of a Controlled Substance (cocaine).  Because the petition fails to set forth the grounds Petitioner seeks to raise in the habeas petition, an Order was issued on March 21, 2006, advising Petitioner that the court would assume he intended to raise the same grounds as raised in the direct appeal.  (Doc. 5.)  If this was not the case, Petitioner was to advise the court within ten (10) days.  Also in this Order, Petitioner

was also informed of the limitations upon his right to file another habeas petition in the future if his current petition is considered by the court. He was provided with the opportunity to inform the court within twenty (20) days as to whether he intended to withdraw his current § 2254 petition without prejudice to filing another § 2254 petition raising all grounds for relief from his conviction - one which would need to be filed before the expiration of the one-year statute of limitations. If he failed to notify the court within the specified time period, he was advised that the court would rule on his § 2254 petition as filed. Because the relevant time period passed, and the court received no contact from Petitioner, an order directing service of the petition, construed to raise those grounds raised in Petitioner's direct appeal to the Pennsylvania Superior, was issued on May 2, 2006. (Doc. 6.) A response to the petition and supporting exhibits were thereafter filed on May 19, 2006 (Doc. 10). On July 12, 2006, a document was filed by Petitioner entitled "Amended Petition for Writ of Habeas Corpus" (Doc. 12). This document will be construed to be Petitioner's traverse.[1] The petition is ripe for consideration.

---

[1] This document is basically identical to the original petition for writ of habeas corpus with the exception that Petitioner now fills in a ground in the appropriate section of the petition. It is the same ground raised on direct appeal in the Pennsylvania Superior Court, as the court has previously construed the petition to raise, however, Petitioner includes a supporting argument for his ground. Accordingly, this filing will be construed as Petitioner's traverse. While it is clearly untimely, in the interests of justice and Petitioner's pro se status, it will be considered by the court in ruling on the petition.

**II.     Background**

Petitioner was convicted in the Court of Common Pleas of York County, Pennsylvania, on September 7, 2004, for Delivery of a Controlled Substance.  He was sentenced to a term of 7 - 14 years imprisonment.  He filed a direct appeal with the Pennsylvania Superior Court and raised the ground that the evidence was insufficient to sustain his conviction.  Specifically, he argued that the trial court erred in determining there was sufficient circumstantial evidence to prove beyond a reasonable doubt that he knew what was in the bag he handed to Roque Lopez.  The Superior Court affirmed the judgment of conviction on September 26, 2005.  No further appeal was pursued by Petitioner.  Petitioner also did not file any petition for post-conviction relief (PCRA) pursuant to 42 Pa. Cons. Stat. § 9543.  In the instant habeas petition the following ground has been raised: "[k]nowledge of illegal substance being present cannot be proved as there was no proof of monetary exchange and the informant did not testify at trial." (Doc. 1, Pet. at 3.)

In answering the petition, Respondent states that no statute of limitations objection is raised.  However, Respondent does seek the dismissal of the petition on two grounds.  The first is Petitioner's alleged failure to exhaust available state court remedies.  Respondent maintains that Petitioner failed to pursue his claims on direct appeal to the Pennsylvania Supreme Court, and did not seek collateral relief by filing a PCRA petition.  The second ground of dismissal is based upon Petitioner's failure

3

to set forth any claim for relief. Specifically, Respondent cites the fact that Petitioner left those portions of the petition form blank instead of listing the grounds he wished to raise in his petition.

## III.   Discussion

### A.   Respondent's Grounds for Dismissal of Petition

The arguments raised by Respondent are rejected for the following reasons. With regard to the blank form, in the order issued on March 21, 2006, Petitioner was advised that the court would construe the petition to raise those grounds pursued by Petitioner in his direct appeal to the Superior Court unless he notified the court within ten (10) days. This order was also served upon Respondent. As such, because Petitioner never notified the court, Respondent was on notice that the petition would be construed to raise said grounds.

The exhaustion argument is also without merit. Pursuant to Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the Superior Court are considered exhausted for the purpose of federal habeas corpus relief under section 2254. See In Re: Exhaustion of State Remedies in Criminal and Post Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000)(per curiam); Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004); Hannon v. Allen, Civil No. 1:CV-03-2227, slip op at 5-6 (M.D. Pa. Aug. 16,

2006)(Caldwell, J.).² Thus, the claims Petitioner presented to the Superior Court on direct appeal, the same claims as presented in the instant petition, are considered exhausted.

To the extent Respondent argues that Petitioner must also exhaust his claims by pursuing collateral relief via a PCRA petition, this argument is also rejected. It is well established that it is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts both on direct appeal and in a PCRA proceeding. See Evans v. Court of Common Pleas, 959 F.2d 1227, 1230 (3d Cir. 1992); Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984). As such, because Petitioner exhausted his claims on direct review, he need not present them through PCRA proceedings. Accordingly, the claims raised in the habeas petition will be addressed on the merits.

**B.   Merits of Petition**

Petitioner may not obtain relief in this court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an

---

² In Wenger v. Frank, 266 F.3d 218 (3d Cir. 2001), the Third Circuit held that "Order 218 does not apply in cases in which the time to petition for review by the state supreme court expired prior to the date of the order." Id. at 226. Petitioner's opportunity to file his Petition for Allowance of Appeal clearly arose after the implementation of Order 218.

5

>unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

The sole claim raised by Petitioner is sufficiency of the evidence to support his criminal conviction for Delivery of a Controlled Substance, in this case cocaine. The state courts considered Petitioner's claim on direct appeal, finding the evidence sufficient to sustain Petitioner's conviction. The underlying facts, as extracted from the opinion of the Pennsylvania Superior Court on direct appeal, are as follows:

>One Roque Lopez (Lopez) was arrested for a narcotics offense. He agreed to cooperate with law enforcement officials in the Pennsylvania Attorney General's office as a confidential informant. In the presence of Agent Diller from the Bureau of Narcotics Investigation, Lopez dialed a telephone number in order, as the agent understood their plan, to set up a controlled purchase of cocaine from appellant. No one answered Lopez's call.

>Approximately fifteen minutes later, Lopez received a call on his cellular phone. Agent Diller observed on the caller identification panel that the caller had the same telephone number that Lopez had just tried. Lopez answered and spoke in Spanish for the duration of the telephone conversation. Agent Diller does not know the Spanish language and did not understand what was said.

6

> Lopez and his vehicle were searched in preparation for the anticipated drug transaction. Lopez proceeded in his vehicle directly to a block of South Dewey Street in York. The law enforcement agents went to that location, as well. As the agents watched, Lopez met and began walking with appellant. One of the agents saw appellant pass a lunchbag-sized brown paper bag to Lopez. The bag "appeared to be full." N.T. Trial, 9/7/2004 at 27-28.
>
> The brown paper bag was recovered from Lopez and its contents tested. The parties stipulated that the bag contained two hundred twenty-one (221) grams of cocaine. When appellant was arrested, he gave as his telephone number the same number that Lopez had called and from which Lopez had received a call in the controlled drug transaction.

(Doc. 11, R.R. at 87-88, Pa. Super. Op. 9/26/05.)

The standard applied by the Pennsylvania Superior Court in analyzing Petitioner's claim was whether, viewing all of the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth, the trier of fact could find every element of the crime charged beyond a reasonable doubt. Commonwealth v. Petteway, 847 A.2d 713, 716 (Pa. Super. 2004). Delivery has been defined by the Pennsylvania legislature as "the actual, constructive, or attempted transfer from one person to another of a controlled substance...." 35 P.S. § 780-102. To be liable for the delivery of a controlled substance there must be evidence that he knowingly made an actual, constructive, or attempted transfer of a controlled substance to another person without the legal authority to do so. See Commonwealth v. Murphy, 577 Pa. 275, 285, 844 A.2d 1228, 1234 (2004).

The Superior Court found that the Commonwealth introduced sufficient circumstantial evidence for the factfinder to infer that appellant knew the contents of the bag that he transferred to Lopez contained contraband.  From the evidence, it was found to be logical to conclude that Lopez called appellant, who called Lopez back; they set up a meeting place for the transfer of cocaine; and appellant knowingly brought the cocaine in a brown bag to that place for no other purpose than to transfer the bag and its contents to Lopez, leaving as soon as that purpose was accomplished.

The United States Supreme Court has enunciated the standard of review when a state court prisoner challenges sufficiency of evidence in a federal habeas corpus proceeding.  In Jackson v. Virginia, 443 U.S. 307, 319 (1979), the issue set forth is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This court need not find that the evidence excluded every reasonable hypothesis of innocence or was wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could have found that evidence, whether direct or circumstantial, and all reasonable inferences drawn from it, established guilt beyond a reasonable doubt.  United States v. Salazar, 958 F.2d 1285, 1294 (5th Cir.), cert. denied, 506 U.S. 863 (1992).  The standard applied by the Pennsylvania Superior Court was consistent with the above principles.

In the instant case, this court must therefore determine whether the state court's application of the Jackson standard was contrary to or an unreasonable application of the Supreme Court precedent, while affording the state court's findings of fact a presumption of correctness. 28 U.S.C. § 2254(e)(1).

In so doing, this court finds that sufficient circumstantial evidence exists for a rational fact finder to infer that Petitioner knew the contents of the bag he transferred to the confidential informant contained contraband. It is reasonable to conclude, based upon the evidence that Lopez called Petitioner, Petitioner called Lopez back, a meeting place for the transfer of cocaine was arranged and that Petitioner brought the cocaine in the brown bag for the purpose of transferring it to Lopez. In other words, it is reasonable to infer based upon the facts that a person is fully aware of what he is doing where, soon after a telephone conversation with a confidential informant in the drug trade, he hand-delivers to the informant a bag filled with drugs. Accordingly, under the standard with which this court is to review the sufficiency of the evidence, this court finds the evidence is sufficient to support the verdict of guilty. Petitioner's claim for federal habeas relief is denied. An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE TRINIDAD, : | |
| : | |
| Petitioner : | |
| : | |
| v. : | CIVIL NO. 3:CV-06-0193 |
| : | |
| COURT OF COMMON PLEAS OF : | (Judge Kosik) |
| YORK COUNTY, : | |
| : | |
| Respondent | |

## **O R D E R**

**NOW, THIS 20th DAY OF MARCH, 2007,** in accordance with the attached Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to **close this case**.

3. Based on the court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

                                                                                       s/Edwin M. Kosik
                                                                      United States District Judge